**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| TEDDRICK BATISTE, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-15-1258 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| *Respondent*. | § | |

**ORDER**

Teddrick Batiste, an inmate on Texas death row, has requested that this Court replace his current habeas attorney, Kenneth W. McGuire. This is the second time Batiste has sought to dismiss Mr. McGuire. The Court finds that Batiste has not shown that a substitution of counsel is necessary at this time.

On May 21, 2015, this Court appointed Mr. McGuire to represent Batiste on federal habeas review from his Texas capital conviction and death sentence. Dkt. 3. Batiste filed a Motion to Fire Appointed Attorney on January 19, 2016. Dkt. 4. Batiste, however, subsequently filed a pleading indicating that Mr. McGuire met with him and he felt reassured about his efforts and investigation. Dkt. 7. This Court denied the initial motion to replace Mr. McGuire. Dkt 8.

On April 28, 2016, Mr. McGuire filed a lengthy federal petition for a writ of habeas corpus raising numerous grounds for relief. Dkt. 9. Respondent Lorie Davis has moved for summary judgment. Dkt. 22. Batiste's response is due on April 3, 2017.

Batiste filed a second motion to remove Mr. McGuire on January 30, 2017. Batiste complains that a lack of communication has caused him to lose confidence in Mr. McGuire. Batiste also complains that Mr. McGuire did not investigate certain issues. Batiste says that Mr. McGuire's

"refusal to communicate" makes him "unwilling to accept the advice of Mr. McGuire in any further proceedings." Dkt. 23 at 4.  Batiste requests that the Court instead appoint attorney Gregory W. Gardner to represent him in this action.  Dkt. 24.  Mr. Gardner has subsequently filed a motion to substitute counsel.  Dkt. 27.  Mr. Gardner anticipates asking for additional time to review this case and assess whether it would be necessary to amend the habeas petition. Dkt. 27 at 10.  In a sealed pleading, Mr. McGuire disputes Batiste's allegations but does not oppose substitution.  Dkt. 26. Respondent opposes the substitution of counsel.  Dkt. 28.

Federal law entitles indigent capital petitioners to the appointment of counsel, but an inmate has no right to the service of an appointed attorney of his choice.  *See United States v. Gonzalez-Lopez*, 548 U.S. 140, 151 (2006); *see also Wheat v. United States*, 486 U.S. 153, 159 (1988) (stating that it was not "the essential aim of the [Sixth] Amendment . . . to ensure that a defendant will inexorably be represented by the lawyer whom he prefers").  A court may only substitute counsel for capital inmates when in the "interests of justice."  *Martel v. Clair*, 565 U.S. 648, 659-60 (2012). This "context-specific inquiry" involves "several relevant considerations," including: "the timeliness of the motion; the adequacy of the district court's inquiry into the defendant's complaint; and the asserted cause for that complaint, including the extent of the conflict or breakdown in communication between lawyer and client (and the client's own responsibility, if any, for that conflict)."  *Id.*  The Supreme Court has emphasized that a "conflict of interest" is also an important consideration in this inquiry.  *Christeson v. Roper*, 135 S. Ct. 891, 894 (2015).

Batiste has expressed his concerns about the lawyer/client relationship and this Court has requested information from Mr. McGuire.  The information before the Court does not suggest that problems in communication have created an irreconcilable conflict of interest between Mr. McGuire

2

and Batiste.  Instead, the heart of Batiste's motion revolves around lawyer/client communications.  Mr. McGuire has submitted a sealed pleading disputing the factual premise of Batiste's motion.  Mr. McGuire does not concur in Batiste's allegation that a complete breakdown in communication has occurred.  *See United States v. Jones*, 795 F.3d 791, 797 (8th Cir. 2015) (rejecting, under a different standard, the substitution of counsel when an attorney contradicts an inmate's description of communication).  Mr. McGuire has not abandoned his client.  *See Battaglia v. Stephens*, 824 F.3d 470, 474 (5th Cir. 2016).  The pleadings do not demonstrate a conflict of interest in which "an attorney's personal interests prevent her from advancing her client's best arguments" *Clark v. Davis*, No. 14-70034, 2017 WL 955257, at *6 (5th Cir. Mar. 10, 2017).

Mr. McGuire has been on this case for nearly two years.  Batiste did not file his recent motion for the substitution of counsel until many months after Mr. McGuire ended his investigation and filed a comprehensive federal petition.  Only now, in the final stages of district court review, has Batiste sought the replacement of counsel.  Given the late stage of district court review, Batiste has not shown that the denial of his substitution request would prevent him from receiving competent, zealous legal assistance.  *See Rosales v. Quarterman*, 565 F.3d 308, 312 (5th Cir. 2009) (holding that the district court did not abuse its discretion "where the already-appointed counsel has never withdrawn from the case and is well familiar with the facts on which the petitioner claims his clemency petition should be based").  Substituting counsel would only add significant delay and, given the procedural posture of the case, a new attorney likely could not litigate new habeas claims.  *See Mayle v. Felix*, 545 U.S. 644, 657 (2005) (allowing new issues in an amended petition only if they "ar[o]se from the same core facts as the timely filed claims.").  At this stage of the proceedings, and in light of Mr. McGuire's competent representation, Batiste has not shown that

3

the interests of justice require that a new attorney represent him.  *See Clair*, 565 U.S. at 666 (denying substitution when obstacles would impede new counsel for carrying out representation as desired by the petitioner).  As Batiste has not shown an irreconcilable conflict, this Court will **deny** the pending motions requesting the substitution of counsel.  (Dkts. 23, 24, 27).

Under federal law, a capital inmate "shall be entitled to the appointment of one or more attorneys."  18 U.S.C. § 3599(a)(2).  Mr. McGuire is the only attorney representing Batiste.  If Mr. McGuire perceives that the appointment of second-chair counsel would increase communication and trust, he may submit the name of an additional attorney to aid in litigating Batiste's federal habeas petition.

Defendant's unopposed motion for extension of time to respond to the pending summary judgment motion (Dkt. 30) is GRANTED.  Defendant's response is due on or before July 3, 2017.  Defendant's unopposed motion for extension of time (Dkt. 29) is DENIED AS MOOT.

Signed at Houston, Texas on March 29, 2017.

Gray H. Miller
United States District Judge